**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4810**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

GREGORY K. CLINTON,

    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:08-cr-00005-JPB-DJJ-1)

Submitted:  May 1, 2009    Decided:  June 11, 2009

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Erin K. Reisenweber, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory K. Clinton pled guilty to distribution of 9.03 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). At sentencing, the confidential informant who participated in the controlled buys testified to his prior purchases of crack cocaine from Clinton. Based on that testimony, the district court held Clinton accountable for at least fifty but less than 150 grams of crack and sentenced him to eighty-seven months in prison, the bottom of the advisory guidelines range. Clinton appeals, challenging the procedural reasonableness of his sentence on the ground that the confidential informant was not credible. We affirm.

We review a sentence for abuse of discretion, whether the sentence is within or outside the guidelines range. Gall v. United States, 128 S. Ct. 586, 597 (2007). "The first step in this review requires us to 'ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range.'" United States v. Osborne, 514 F.3d 377, 387 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert. denied, 128 S. Ct. 2525 (2008). "[S]entencing courts . . . make factual findings concerning . . . relevant conduct[] by a preponderance of the evidence." United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009). This court reviews those findings for clear error. United States v.

2

Thompson, 554 F.3d 450, 452 (4th Cir. 2009); United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (defining clear error).  "[W]hen a district court's factual finding is based upon assessments of witness credibility, such finding is deserving of the highest degree of appellate deference." Thompson, 554 F.3d at 452 (internal quotation marks and citation omitted).

Applying these standards, we have thoroughly reviewed the record on appeal.  We conclude that the district court did not clearly err in determining the amount of drugs attributable to Clinton.  We therefore find that Clinton's sentence is procedurally sound.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED